UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE PINEDA,

    Plaintiff,

  -against-                                                              Case No. _____

JOHN DOES 1-2 (Parole Officers), SIX JANE      CIVIL COMPLAINT
DOES (Parole Officers), COMMISSIONER
OF THE NEW YORK STATE                                 JURY TRIAL
DEPARTMENT OF CORRECTIONS AND              DEMANDED
COMMUNITY SUPERVISION (DOCCS),
EDWARD McLOUGHLIN (County Court
Judge, official capacity),

    Defendants.

PRELIMINARY STATEMENT

1. Plaintiff Jose Pineda brings this civil rights action under 42 U.S.C. § 1983 seeking relief for violations of his constitutional rights under the First, Eighth, and Fourteenth Amendments. Mr. Pineda, a restorative justice practitioner and community violence disrupter, served 21 consecutive years in prison and has spent the last five years deeply committed to serving the community to which he

returned. The unlawful and baseless public detainment and incarceration profoundly traumatized him, causing severe emotional and psychological distress. He has since suffered persistent insomnia, severe anxiety, fearfulness, and an acute sense of vulnerability, particularly triggered by sounds and activity around his residence. This trauma has significantly impaired his daily functioning, undermined his ability to trust or confidently engage with new individuals, and damaged his relationships with neighbors and community members. His neighbors now view him with suspicion, fear, or confusion, undoing years of effort to rebuild trust and community standing. This lawsuit seeks accountability and remedy for these serious constitutional harms.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983. This Court also has jurisdiction under 28 U.S.C. § 1343(a)(3) and (4), which provide for jurisdiction in civil rights cases.

2. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) because all defendants reside in this district and all acts and omissions giving rise to these claims occurred in Dutchess County, New York, which lies within the Southern District.

## PARTIES

1. Plaintiff Jose Pineda is a resident of Dutchess County, New York. He is a Kingian Nonviolence organizer, community violence intervention specialist and

restorative justice practitioner.

2. Defendants John Does (1 and 2) are unidentified male parole officers with the New York State Department of Corrections and Community Supervision (DOCCS) who initiated and executed the unlawful warrant and participated in Plaintiff's detention, all acting under color of state law. Plaintiff has been unable to ascertain their identities despite reasonable efforts, as DOCCS has not provided this information. Plaintiff seeks leave to amend this complaint to identify these defendants by name once their identities are discovered through the discovery process.

3. Defendants Jane Does (1 through 6) are unidentified female parole officers from the DOCCS Dutchess County Field Office who participated in the unlawful raid, detention, and related conduct, all acting under color of state law. Plaintiff has been unable to ascertain their identities despite reasonable efforts, as DOCCS has not provided this information. Plaintiff seeks leave to amend this complaint to identify these defendants by name once their identities are discovered through the discovery process.

4. Defendant Daniel F. Martuscello III, Commissioner of the New York State Department of Corrections and Community Supervision, is sued in his official capacity as the head of the agency responsible for the policies and practices that resulted in the deprivation of Plaintiff's constitutional rights, and acted under color of state law at all relevant times.

5. Defendant Edward McLoughlin is a County Court Judge for Dutchess County, New York, and is sued in his official capacity for remanding Plaintiff without bail

and in direct contravention of governing laws and constitutional protections, and acted under color of state law at all relevant times.

## FACTUAL ALLEGATIONS

*Background and Protected First Amendment Activity*

1. Following his release from a 21-year incarceration, Plaintiff has dedicated himself to criminal justice reform and community safety through nonviolent intervention work. As part of his advocacy, Plaintiff has been an outspoken critic of the New York State Department of Corrections and Community Supervision (DOCCS).

2. In the months preceding his unlawful detention, Plaintiff engaged in constitutionally protected speech and advocacy, including:

   1. Public speaking at community forums about the need for DOCCS reform and accountability;

   2. Organizing community responses to the death of Robert Brooks in DOCCS custody in December 2024;

   3. Leading public demonstrations calling for independent oversight of DOCCS facilities;

   4. Publishing social media posts and articles critical of DOCCS policies and practices;

   5. Meeting with legislative representatives to advocate for correctional reform legislation;

      6. Training community members in documenting and reporting parole officer misconduct.

3. Plaintiff's advocacy work gained significant public attention and media coverage, making him a recognized voice for DOCCS accountability in the Hudson Valley region. DOCCS officials were aware of Plaintiff's advocacy activities, as evidenced by their presence at public events where Plaintiff spoke and their monitoring of social media posts about DOCCS reform.

## *The Unlawful Detention*

1. On the evening of May 8, 2025, Plaintiff Jose Pineda was detained outside his residence in Dutchess County, New York, by a group of parole officers from DOCCS, including at least two unidentified male officers (John Does) and six unidentified female officers (Jane Does), all acting under color of state law. The officers arrived in a manner resembling a tactical raid, with multiple vehicles and an overwhelming show of force.

2. No new criminal charges have been filed against Plaintiff. The basis for the detention was an alleged technical violation of parole—specifically, the discovery of a pellet gun located inside a recreational vehicle parked in the driveway of Plaintiff's mother's home. This was not a violation that warranted incarceration under New York State's administrative guidelines, as it did not involve a new criminal offense nor pose a public safety risk.

3. The treatment Plaintiff received was markedly different from DOCCS's standard practice for first-time technical violations. Upon information and belief, similarly

situated parolees with first-time technical violations that do not involve new criminal charges are typically given warnings or non-custodial sanctions. The decision to arrest and detain Plaintiff deviated from this established practice.

4. Plaintiff was never shown a warrant, never provided a copy, and never received any documentation explaining the legal basis for his detention. The only paperwork transmitted was an internal warrant email sent from DOCCS to the Dutchess County Jail, which Plaintiff was never allowed to view. He was given no notice of charges or opportunity to respond before being transported to the jail.

5. Plaintiff was handcuffed and detained publicly for over an hour in front of his neighbors. This public display caused significant reputational damage in his neighborhood and undermined years of effort to reestablish trust, safety, and credibility following his 21-year incarceration and five years of lawful, community-based reintegration.

*Denial of Due Process at Court Proceeding*

1. On the morning of May 9, 2025, Plaintiff was brought before County Court Judge Edward McLoughlin in Dutchess County, acting under color of state law. Prior to the proceeding, Plaintiff was not given any notice of the charges, supporting documentation, or an opportunity to review any materials with his legal counsel. Plaintiff had no opportunity to speak with his attorney, Lauren Jaeb, before the hearing began.

2. During the proceeding, a DOCCS parole representative, acting under color of state law, requested that the judge remand Plaintiff back to jail pending an

administrative hearing. The representative failed to offer any rationale grounded in law or public safety to justify pre-hearing detention.

3. Plaintiff's attorney presented clear legal arguments based on New York State administrative law, highlighting that the alleged parole violation was non-incarcerable, and that Plaintiff had maintained a flawless parole record for over five years. She noted his compliance with reporting requirements, curfew, home visits, and full-time employment, asserting there was no legal or factual basis for confinement.

4. In response, Judge McLoughlin stated that he was not bound by the relevant administrative statutes and dismissed Plaintiff's attorney's invocation of constitutional protections, including the Eighth Amendment prohibition on excessive bail and unwarranted detention. Instead, Judge McLoughlin relied solely on Plaintiff's original 1999 conviction as justification for remanding Plaintiff without bail, in direct disregard of governing standards and Plaintiff's lawful conduct since his release.

5. At the time of this proceeding, it was clearly established law that parolees have a liberty interest in remaining free from incarceration absent a legitimate basis, and that detention pending parole revocation proceedings must be supported by probable cause and cannot be arbitrary or punitive.

*Unlawful Confinement and Deliberate Indifference*

1. Plaintiff was remanded to Dutchess County Jail, where he was held for seven days. During that time, he was never informed of the jail's rules, policies, or

grievance procedures. No orientation was conducted. No explanation was given for his confinement, nor was he provided with materials outlining his rights or the expectations of his conduct during custody.

2. This sudden, unprovoked incarceration severely impacted Plaintiff's psychological well-being. Having previously served 21 years in prison and spent the last five years building a stable, service-oriented life, Plaintiff experienced intense trauma from being re-confined without cause. He developed acute insomnia, unable to sleep more than two hours at a time, and began suffering from hypervigilance and anxiety, especially when hearing passing cars or voices outside his home.

3. On May 12, 2025, an administrative law judge issued a formal order for Plaintiff's release following the initial parole revocation hearing, determining there was no legal basis for continued detention. Despite this binding order, DOCCS failed to act on it. Plaintiff was told that DOCCS had "lost the paperwork" and that no one had been dispatched to lift the warrant.

4. As a result, Plaintiff remained illegally confined in the Dutchess County Jail for an additional two days—until the afternoon of May 14, 2025, when DOCCS personnel finally processed his release at approximately 3:30 p.m. This delay extended Plaintiff's unlawful detention from the evening of May 8 through May 14, compounding the harm to his mental and emotional well-being and further violating his right to due process.

*Ongoing Harm and Damages*

1. Plaintiff's professional role as a restorative justice practitioner and community violence intervention specialist requires deep trust and stability within his community. The public nature of his detention, and the unexplained use of force by state agents, has damaged his reputation with neighbors and colleagues. People who once respected his transformation now view him with suspicion or fear, undoing years of work to reintegrate and establish himself as a trusted community leader.

2. As a direct result of Defendants' unlawful actions, Plaintiff has suffered and continues to suffer:

   1. Severe emotional distress, including post-traumatic stress symptoms, hypervigilance, and chronic insomnia;

   2. Lost income from missed work during his incarceration and reduced capacity to work due to psychological trauma;

   3. Out-of-pocket expenses for mental health treatment to address trauma symptoms, totaling approximately $2,400 to date and ongoing;

   4. Reputational harm that has damaged his effectiveness as a community violence intervention specialist;

   5. Loss of trust and standing in his community, directly impacting his ability to perform restorative justice work;

   6. The need to relocate from his current residence due to the trauma associated with the location and loss of community trust.

3. These harms are ongoing. The trauma and fear triggered by this unlawful confinement have disrupted Plaintiff's ability to engage in everyday life. He now lives in a constant state of alertness, experiencing anxiety in response to common phrases like "I'm just doing my job," which he associates with the justification used by state actors to violate his rights. The loss of community trust and safety has made it impossible for Plaintiff to continue living in his neighborhood. Relocation is now essential for him to rebuild his life and sense of safety.

## *DOCCS Policies and Practices*

1. Upon information and belief, DOCCS maintains policies, practices, and customs that permit or encourage:

    1. The use of tactical-style raids for non-violent technical parole violations;

    2. The detention of parolees without providing notice or documentation of charges;

    3. The targeting of individuals who engage in public criticism of DOCCS;

    4. The failure to timely execute release orders from administrative law judges.

2. These policies, practices, and customs were the moving force behind the constitutional violations suffered by Plaintiff.

# CAUSES OF ACTION

## COUNT ONE: Fourteenth Amendment -- Violation of Due Process (42 U.S.C. § 1983)

1. Plaintiff realleges and incorporates by reference all preceding paragraphs.

2. Defendants John Does, Jane Does, the DOCCS Commissioner, and Judge Edward McLoughlin, acting under color of state law, deprived Plaintiff of liberty without due process of law.

3. Plaintiff was detained without notice, without a hearing, and without access to the charges or underlying warrant. He was denied the opportunity to consult with counsel before being brought before the court.

4. The presiding judge explicitly disregarded applicable administrative law and constitutional safeguards, choosing instead to remand Plaintiff based solely on a decades-old conviction, despite Plaintiff's exemplary compliance with parole and absence of any public safety risk.

5. Defendants' actions violated clearly established constitutional rights of which a reasonable official would have known, including the right to notice and an opportunity to be heard before deprivation of liberty.

6. These actions constituted an unlawful deprivation of liberty in violation of the Fourteenth Amendment, and were taken under color of state law.

## COUNT TWO: Eighth Amendment -- Cruel and Unusual Punishment
## (42 U.S.C. § 1983)

1. Plaintiff realleges and incorporates by reference all preceding paragraphs.

2. Defendants John Does, Jane Does, the DOCCS Commissioner, and Judge Edward McLoughlin, acting under color of state law, subjected Plaintiff to unnecessary psychological trauma, forced confinement without legal basis, and public humiliation, all of which inflicted cruel and unusual punishment within the meaning of the Eighth Amendment.

3. This confinement served no legitimate penological purpose and caused severe harm to Plaintiff's mental health and sense of safety.

4. Defendants acted with deliberate indifference to the serious harm that would result from confining someone who had served 21 years in prison and successfully reintegrated into society for five years.

5. These actions were taken under color of state law.

## COUNT THREE: Malicious Abuse of Process / Malicious Prosecution
## (42 U.S.C. § 1983)

1. Plaintiff realleges and incorporates by reference all preceding paragraphs.

2. Defendants John Does, Jane Does, the DOCCS Commissioner, and Judge Edward McLoughlin, acting under color of state law, used legal process—namely, the issuance and execution of an administrative parole warrant—with the improper motive of confining Plaintiff absent justification.

3. The parole violation cited as justification for confinement was a non-incarcerable offense under applicable law, and there was no evidence that Plaintiff posed a flight risk or threat to public safety.

4. Defendants knew or should have known that there was no probable cause or legal basis to detain Plaintiff for a non-incarcerable technical violation.

5. Defendants' actions demonstrate a willful misuse of legal procedures to detain Plaintiff wrongfully, constituting malicious prosecution and abuse of process in violation of federal law, and were taken under color of state law.

## COUNT FOUR: First Amendment -- Retaliation for Protected Speech
## (42 U.S.C. § 1983)

1. Plaintiff realleges and incorporates by reference all preceding paragraphs.

2. Plaintiff engaged in constitutionally protected speech and advocacy, publicly criticizing DOCCS and its failure to protect incarcerated people from abuse and misconduct.

3. Defendants John Does, Jane Does, the DOCCS Commissioner, and Judge Edward McLoughlin, acting under color of state law, targeted Plaintiff for retaliatory treatment, including the unlawful issuance of a warrant, public humiliation, and detention, in direct contravention of standard procedure for a non-incarcerable technical parole violation.

4. Plaintiff's protected speech was a substantial or motivating factor in Defendants' decision to detain him.

5. The temporal proximity between Plaintiff's heightened advocacy following the Robert Brooks death and his detention, combined with the deviation from standard DOCCS practice for technical violations, evidences retaliatory motive.

6. This retaliation was motivated by Plaintiff's exercise of his First Amendment rights and resulted in significant harm, including reputational damage, loss of professional credibility, and trauma.

7. The retaliatory actions would chill a person of ordinary firmness from continuing to engage in protected activity, and have in fact chilled Plaintiff's ability to continue his advocacy work.

8. These actions were taken under color of state law.

## COUNT FIVE: Fourteenth Amendment – Municipal and Supervisory Liability (42 U.S.C. § 1983, Monell Claim)

1. Plaintiff realleges and incorporates by reference all preceding paragraphs.

2. Defendant Daniel F. Martuscello III, in his official capacity as Commissioner of the New York State Department of Corrections and Community Supervision (DOCCS), is responsible for establishing, enforcing, and overseeing policies, practices, and customs within the department, including those governing parole supervision and enforcement.

3. Upon information and belief, DOCCS maintains policies, practices, or customs that:

 1. Permit or encourage the execution of tactical-style raids in response to technical parole violations;

 2. Allow the issuance and enforcement of parole warrants without adequate documentation, notice, or due process protections;

 3. Fail to enforce internal administrative law requiring non-incarceration for first-time technical violations;

 4. Permit retaliatory targeting of individuals engaged in public criticism or advocacy related to DOCCS misconduct;

 5. Tolerate delays in executing lawful release orders issued by administrative law judges.

4. These policies, practices, and customs were the moving force behind the constitutional violations Plaintiff suffered, including unlawful detention, denial of due process, retaliatory targeting for First Amendment activity, and deliberate indifference to Plaintiff's well-being.

5. Defendant Martuscello knew or should have known that these patterns of conduct resulted in systemic constitutional violations and failed to take adequate measures to address them.

6. As a result of these official policies or deliberate indifference to unconstitutional practices, Plaintiff was deprived of his rights under the First, Eighth, and Fourteenth Amendments, entitling him to relief under 42 U.S.C. § 1983.

7. These actions described in this count were taken under color of state law.

## PROCEDURAL COMPLIANCE AND TIMELINESS

1. Plaintiff files this Complaint within the three-year statute of limitations applicable to claims brought under 42 U.S.C. § 1983 in New York. All claims asserted herein are timely and properly before this Court.

## PENDING EXHIBITS AND DISCOVERY

1. Plaintiff is actively pursuing relevant documentation through formal channels. On or about May 19, 2025, Plaintiff submitted FOIL (Freedom of Information Law) requests to the New York State Department of Corrections and Community Supervision (DOCCS), the Dutchess County Sheriff's Office, and the East Fishkill Police Department seeking records related to the May 8, 2025 raid, including warrant documentation, internal communications, body camera footage, intake logs, and jail records.

2. Additionally, transcripts of Plaintiff's May 9, 2025 court appearance have been ordered by the Dutchess County Public Defender's Office through Plaintiff's assigned counsel, Lauren Jaeb, Esq.

3. Plaintiff respectfully reserves the right to supplement this Complaint with such documents as they become available and will produce relevant exhibits promptly upon receipt through discovery or FOIL response.

[1] Plaintiff has submitted FOIL requests to relevant agencies and requested court transcripts to obtain these missing records. Plaintiff will amend or supplement this Complaint to include such exhibits as they are received.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. To the extent required, Plaintiff has exhausted all available administrative remedies. No adequate administrative remedy exists for the constitutional violations alleged herein, and any attempt to pursue administrative remedies would be futile given that the violations were committed by the very agency charged with administering such remedies.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. Compensatory damages for emotional distress, reputational harm, loss of income, medical expenses, and psychological trauma caused by Defendants' actions, in an amount to be determined at trial but not less than $500,000;

B. Punitive damages against individual Defendants to deter future violations and to punish willful disregard of constitutional protections, in an amount to be determined at trial;

C. An award of relocation funds in an amount equivalent to the average market price of a home in Dutchess County, New York at the time of judgment, to enable Plaintiff to reestablish a stable life in a safe environment;

D. A declaratory judgment that Defendants violated Plaintiff's constitutional rights under the First, Eighth, and Fourteenth Amendments;

E. Injunctive relief preventing DOCCS from executing or enforcing parole warrants in contravention of state administrative law and constitutional due process protections;

F. Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

G. Pre- and post-judgment interest;

H. A trial by jury on all issues so triable; and

I. Any further relief the Court deems just and appropriate.

## VERIFICATION

I, Jose Pineda, declare under penalty of perjury that I am the Plaintiff in this action, that I have read the foregoing Complaint, and that the facts stated therein are true to the best of my knowledge, information, and belief.

Dated: May 24, 2025

_____
Jose Pineda

Plaintiff, pro se

11 Tiger Road

Hopewell Junction, New York 12533

(845) 370-2161

josepinedaiii29@gmail.com