UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE PINEDA,<br><br>                              Plaintiff,<br><br>          -against-<br><br>JOHN DOE 1-2 (PAROLE OFFICERS), et al.,<br><br>                              Defendants. | 7:25-CV-4552 (JGLC)<br><br>ORDER OF SERVICE |

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff Jose Pineda, who is appearing *pro se*, brings this action for damages, injunctive relief, and declaratory relief under 42 U.S.C. § 1983. He sues: (1) two unidentified male "John Doe" New York State Department of Corrections and Community Supervision ("DOCCS") parole officers; (2) six unidentified female "Jane Doe" DOCCS parole officers; (3) the DOCCS Commissioner; and (4) Dutchess County Court Judge Edward McLoughlin. The Court understands Plaintiff's complaint as asserting claims against the defendants in their official and individual capacities.

By order dated May 30, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons discussed below, the Court dismisses all of Plaintiff's claims under Section 1983 brought against Judge McLoughlin, in his individual capacity, and dismisses all of Plaintiff's claims under Section 1983 brought against all of the defendants in their official capacities. The Court also directs service on the DOCCS Commissioner. The Court further directs the Attorney General of the State of New York to provide Plaintiff and the Court with the identities, including, if appropriate, badge numbers, and service addresses of the unidentified defendants.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

**DISCUSSION**

**A.    Judicial immunity**

The Court must dismiss, under the doctrine of judicial immunity, Plaintiff's claims under Sections 1983 against Judge McLaughlin, in his individual capacity. Under this doctrine, judges are absolutely immune from suit for damages in their individual capacities for any actions taken within the scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 9-12 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209. This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Judicial immunity does not apply when a judge takes action outside his or her judicial capacity, or when the judge takes action that, although judicial in nature, is taken in absence of all jurisdiction. *Mireles,* 502 U.S. at 11-12; *see also Bliven*, 579

F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

In addition, Section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Courts have also extended this judicial immunity to claims for retrospective declaratory relief brought against a judge in his individual capacity. *See Bythewood v. New York*, No. 22-2542-cv, 2023 WL 6152796, at *2 (2d Cir. Sept. 21, 2023) (summary order) ("While [the appellant] framed his request in the context of past declaratory relief, he cannot avoid the application of immunity by seeking a declaration that a judge violated his federal rights through prior adverse rulings."); *Chan v. Campanelli*, No. 24-CV-8110, 2024 WL 5120014, at *1 (E.D.N.Y. Dec. 16, 2024) ("Plaintiff's claim for a declaratory judgment appears to be barred by . . . judicial immunity (for any personal capacity claims)."), *appeal dismissed as frivolous*, No. 25-153, 2025 WL 1607677 (2d Cir. May 7, 2025), *pet. for cert. filed*, No. 24-7376 (June 6, 2025).

To the extent that Plaintiff asserts claims under Sections 1983 for damages, injunctive relief, and retrospective declaratory relief[1] against Judge McLaughlin, in his individual capacity, arising from to any actions he took or decisions he made in the course of presiding over Plaintiff's proceedings before him on May 9, 2025, following Plaintiff's parole-violation arrest the following day, on May 8, 2025, Plaintiff has failed to allege any facts showing that Judge

---

[1] It appears that the only type of declaratory relief that Plaintiff seeks is retrospective. *See infra* note 3.

McLaughlin acted beyond the scope of his judicial responsibilities or outside his jurisdiction. *See Mireles*, 509 U.S. at 11-12. Inasmuch as Plaintiff sues Judge McLaughlin for "acts arising out of, or related to, individual cases before" him, *Bliven*, 579 F.3d at 210, the doctrine of judicial immunity applies to Plaintiff's claims under Sections 1983 for damages, injunctive relief, and retrospective declaratory against Judge McLaughlin. The Court therefore dismisses these claims against Judge McLaughlin, brought against him in his individual capacity, under the doctrine of judicial immunity,[2] and consequently, because Plaintiff seeks monetary relief from a defendant who is immune from such relief, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and because these claims are frivolous, *see* § 1915(e)(2)(B)(i); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the IFP statute].").

**B.     Eleventh Amendment immunity**

The Court must also dismiss Plaintiff's claims of federal constitutional violations under Section 1983 for damages, retrospective injunctive relief, and retrospective declaratory relief brought against all of the defendants, in their official capacities as officers of the State of New York (Judge McLoughlin is a New York State court judge; the DOCCS Commissioner (DOCCS is a New York State agency); and the unidentified DOCCS parole officers). "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh

---

[2] The amendment to Section 1983, allowing for injunctive relief against a judicial officer only if a state court declaratory decree was violated or state court declaratory relief is unavailable, precludes Plaintiff from seeking injunctive relief against Judge McLaughlin. This is so because Plaintiff could have, if necessary, sought review of Judge McLaughlin's actions or rulings in the New York State appellate courts. *See Berlin v. Meijia*, No. 15-CV-5308, 2017 WL 4402457, at *4 (E.D.N.Y. Sept. 30, 2017) ("Here, no declaratory decree was violated and declaratory relief is available to plaintiffs through an appeal of the state court judges' decisions in state court."), *appeal dismissed*, No. 17-3589 (2d Cir. May 22, 2018).

Amendment immunity, or unless Congress has abrogate[d] the [S]tates' Eleventh Amendment immunity. . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. (internal quotation marks and citation omitted). This immunity shields States from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). Congress has not abrogated the States' immunity for claims under Section 1983, *see Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990), and the State of New York has not waived its immunity to suit in federal court, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

      The Eleventh Amendment therefore precludes Plaintiff's claims for damages under Section 1983 against the individual defendants, in their official capacities, as officers of the State of New York. *See, e.g.*, *Exxon Mobil Corp. v. Healey*, 28 F.4th 383, 392 (2d Cir. 2022) ("[T]he Eleventh Amendment bars the award of money damages against state officials in their official capacities."); *see also Libertarian Party of Erie Cnty. v. Cuomo*, 970 F.3d 106, 122-23 (2d Cir. 2020) (affirming dismissal of suit against New York State judges for damages pursuant to the Eleventh Amendment), *abrogated on other grounds*, *N.Y.S. Rifle & Pistol Ass'n , Inc. v. Bruen*, 597 U.S. 1 (2022); *Kirkland v. N.Y.S. Div. of Parole*, 1:20-CV-8606 (LLS), 2020 WL 6729119, at *4 (S.D.N.Y. Nov. 13, 2020) (New York State parole officers immune from suit for damages in their official capacities pursuant to the Eleventh Amendment); *Banks v. McLaughlin*, No. 1:19-CV-4127 (CM), 2019 WL 11890644, at *6 (S.D.N.Y. July 8, 2019) (same as to DOCCS Commissioner). The Eleventh Amendment further precludes Plaintiff's claims under Section

1983 against defendants, in their official capacities, for retrospective injunctive and declaratory relief.³ *See Green*, 474 U.S. at 72-74; *Halderman*, 465 U.S. at 101-02.

   Accordingly, the Court dismisses Plaintiff's claims of federal constitutional violations under Section 1983 for damages, retrospective injunctive relief, and retrospective declaratory relief under the doctrine of Eleventh Amendment immunity, for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Close v. New York*, 125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction."); *Atl. Healthcare Benefits Tr. v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction."); *see* § 1915(e)(2)(B)(iii); *see also supra* note 3. The Court also dismisses Plaintiff's claims under Section 1983 against the defendants, in their official capacities, for prospective injunctive relief without prejudice and, because Plaintiff lacks

---

³ Under the exception to Eleventh Amendment immunity articulated in *Ex Parte Young*, 209 U.S. 123 (1908), "[a] plaintiff may avoid the Eleventh Amendment bar to suit and proceed against individual state officers, as opposed to the state, in their official capacities, provided that his complaint (a) 'alleges an ongoing violation of federal law' and (b) 'seeks relief properly characterized as prospective.'" *In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) (citations omitted). Plaintiff's request for declaratory relief is retrospective (ECF 1, at 17) (Plaintiff seeks "[a] declaratory judgment that [holds that] Defendants *violated* Plaintiff's constitutional rights" (emphasis added))), and thus, such claims for relief under Section 1983 against the defendants, in their official capacities, are precluded by the Eleventh Amendment. To the extent that Plaintiff seeks prospective injunctive relief under Section 1983 (*id.* at 18 (Plaintiff seeks "[i]njunctive relief preventing DOCCS from executing or enforcing parole warrants in contravention of state administrative law and constitutional due process violations")) against the defendants in their officials capacities, Plaintiff cannot raise *pro se* what appears to be claims on behalf of others, *see, e.g.*, *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998), and lacks standing to assert such generalized claims, *see Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013). The Court therefore dismisses such claims for prospective injunctive relief without prejudice, and for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012)

standing to bring such claims, additionally for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *supra* note 3.

C.      **Service on the DOCCS Commissioner**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service on the DOCCS Commissioner.[4] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the DOCCS Commissioner through the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for that defendant. The Clerk of Court is further instructed to issue a summons for the DOCCS Commissioner and deliver to the USMS all of the paperwork necessary for the USMS to effect service of a summons and the complaint on the DOCCS Commissioner.

If a summons and the complaint are not served on the DOCCS Commissioner within 90 days after the date that a summons for that defendant is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if he fails to do so.

---

[4]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve the DOCCS Commissioner until 90 days after the date that any summons for the DOCCS Commissioner issues.

A.    **Unidentified defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the Court in ascertaining an unidentified defendant's identity, including, if appropriate, a badge number, and that defendant's service address. 121 F.3d 72, 76 (2d Cir. 1997). In his complaint, Plaintiff supplies sufficient information to permit DOCCS to ascertain the identities, including, if appropriate, badge numbers, and service addresses of the unidentified defendants; they include all of the DOCCS parole officers that participated in Plaintiff's detainment and arrest that took place outside of Plaintiff's residence, in Hopewell Junction, Dutchess County, New York, on May 8, 2025. The Attorney General of the State of New York, who is the agent of and attorney for DOCCS, must provide this information to Plaintiff and the Court within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming the newly identified individuals as defendants and providing their service addresses. The amended complaint will replace, not supplement, Plaintiff's original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen it and, if necessary, issue an order directing service on the newly identified defendants.

## CONCLUSION

For the reasons discussed in this order, the Court dismisses all of Plaintiff's claims brought against Judge McLaughlin, and all of his claims brought against the remaining defendants in their official capacities.

The Court directs the Clerk of Court to mail an information package to Plaintiff. The Court also directs the Clerk of Court to: (1) issue a summons for the Commissioner of the New York State Department of Corrections and Community Supervision ("the DOCCS

Commissioner"); (2) complete a USM-285 form for the DOCCS Commissioner; and (3) deliver all of the documents necessary to effect service of a summons and the complaint on the DOCCS Commissioner to the USMS.

The Court further directs the Clerk of Court to mail a copy of this order and a copy of the complaint (ECF 1) to the Attorney General of the State of New York, at 28 Liberty Street, New York, New York 10005.

An amended complaint form is attached to this order.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 29, 2025
         New York, New York

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

**SERVICE ADDRESS FOR A DEFENDANT**

Commissioner
New York State Department of Corrections and Community Supervision
Harriman State Office Campus
1220 Washington Avenue #9
Albany, New York 12226-2050