UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE PINEDA,

                Plaintiff,

-against-

DOES 1–2, et al.,

                Defendants.

25-CV-4552 (JGLC)

**ORDER**

JESSICA G. L. CLARKE, United States District Judge:

On July 29, 2025, the Court issued an Order of Service that, in part, directed the Attorney General of the State of New York, as an agent of and attorney for the New York State Department of Corrections and Community Supervision ("DOCCS"), to identify "all of the DOCCS parole officers that participated in Plaintiff's detainment and arrest that took place outside of Plaintiff's residence, in Hopewell Junction, Dutchess County, New York, on May 8, 2025." ECF No. 8 at 8. On September 29, 2025, the Attorney General's office responded, filing a letter that listed the names, badge numbers, and service address of the ten parole officers whom DOCCS indicated were present during Plaintiff's detainment and arrest. ECF No. 11.

The following day, the Court ordered Plaintiff to amend his Complaint to include the additional Defendants identified in the Attorney General's letter.[1] ECF No. 12. Plaintiff then filed an Amended Complaint on October 30, 2025. ECF No. 14. In his Amended Complaint, Plaintiff names four new defendants (the "Defendants"): Sabrina R. Drayton, described as DOCCS's "Regional Director for Parole Operations, Hudson Valley Region"; "Bureau Chief Serrano," another DOCCS employee; Senior Parole Officer C. Sutherland; and Daniel F.

---

[1] The Court's Order in a related case, *Pineda v. Dutchess County*, No. 25-CV-4554, was also docketed in this case. *See* ECF No. 13. Plaintiff filed Amended Complaints in both cases, as instructed.

Martuscello III, the DOCCS Commissioner. ECF No. 14 at 2. None of these four defendants were named in the Attorney General's letter. *See* ECF No. 11. And only Daniel F. Martuscello, the DOCCS Commissioner, was named as a defendant in Plaintiff's original Complaint. *See* ECF No. 1. Nevertheless, Plaintiff now asks that his Amended Complaint replace his original Complaint to serve as the operative complaint in this matter. ECF No. 16.

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a complaint shall be freely granted "when justice so requires." Fed. R. Civ. P. 15(a). "Amendments are generally favored because they tend to facilitate a proper decision on the merits." *Env't Sols. Assocs. Grp., LLC v. Conopoco, Inc.*, No. 20-CV-10699 (MKV), 2021 WL 2075586, at *1 (S.D.N.Y. May 24, 2021) (citation and internal quotation marks omitted). Whether to grant or deny leave is "within the sound discretion of the trial court." *Bay Harbour Mgmt., LLC v. Carothers*, 474 F. Supp. 2d 501, 502 (S.D.N.Y. 2007) (citing *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990)). The Supreme Court has instructed, however, that leave should be denied upon a showing of "futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Cruz v. Southerton*, No. 21-CV-06410 (NSR), 2023 WL 8810144, at *7 (S.D.N.Y. Dec. 20, 2023) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)).

Granting Plaintiff's leave to amend will not unduly prejudice Defendants. "In gauging whether a proposed amendment would prejudice a party, [the Court] consider[s], among other factors, whether an amendment would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the

dispute." *Carroll v. Trump*, 88 F.4th 418, 431 (2d Cir. 2023). There is no indication that Plaintiff's amended pleading would unduly prejudice Defendants by requiring them to expend significant additional resources or delay the resolution of the dispute. Plaintiff's claims arise out of the same allegations as those made in his original Complaint, and Defendants are all DOCCS employees—meaning they will likely raise similar, if not identical, defenses as those Doe defendants identified in the initial Complaint. There is likewise no indication that Plaintiff's amended claims are made in bad faith. Accordingly, Plaintiff's motion for leave to amend his original Complaint and replace it with his Amended Complaint is GRANTED.

Further, because Plaintiff has been granted permission to proceed *in forma pauperis* ("IFP"),[2] he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service on the Defendants.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP). To allow Plaintiff to effect service on the Defendants through the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for those Defendants. The Clerk of Court is further instructed to issue a summons for each of the Defendants and deliver to the USMS all of the paperwork necessary for the USMS to effect service of a summons and the complaint on the Defendants. If a summons and the Amended Complaint are not served on the Defendants within 90 days after

---

[2] The Court granted Plaintiff's request to proceed IFP on May 30, 2025. ECF No. 6.

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve each Defendant until 90 days after the date that the summons for the Defendant issues.

the date that a summons for that defendant is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service). Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if he fails to do so.

## CONCLUSION

The Clerk of Court is therefore directed to (1) issue a summons for Sabrina R. Drayton, DOCCS's "Regional Director for Parole Operations, Hudson Valley Region"; "Bureau Chief Serrano"; and "Senior Parole Officer C. Sutherland," as well as an amended summons for Daniel F. Martuscello III, the DOCCS Commissioner; (2) complete a USM-285 form for each of the Defendants above; and (3) deliver all of the documents necessary to effect service of a summons and the Amended Complaint (ECF No. 14) on the Defendants to the USMS. Plaintiff has listed the Defendants' service addresses at ECF No. 15.

The Clerk of Court is also directed to update the case caption to reflect that the Amended Complaint is now the operative complaint in this case—i.e., terminate the Doe defendants and list only the new Defendants—and terminate ECF No. 16.

Dated: November 13, 2025
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge